**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000315
13-APR-2026
11:27 AM
Dkt. 69 SO**

NO. CAAP-24-00000315

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KEITH KARDASH, Petitioner-Appellant, v.
JERRE PSAK, Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DSS-23-0001279)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Leonard and Wadsworth, JJ.)

Self-represented Petitioner-Appellant Keith D. Kardash
(**Kardash**) appeals from the "Order Denying Injunction Against
Harassment on [Kardash's] Fourth Amended Ex Parte Temporary
Restraining Order; Order Granting [Kardash's] Oral Motion to
Withdraw Petitioner's Motion to Set an Additional Hearing Date to
Accommodate Witness Megan K. Kau, Esq.; Order Denying
[Respondent-Appellee Jerre Psak (**Psak**)]'s Motion for Order
Dissolving Ex Parte Temporary Restraining Order; and Order
Denying [Psak's] Motion for Order Declaring . . . Kardash a
Vexatious Litigant" (**Denial Order**), entered on March 31, 2026, by
the District Court of the First Circuit, Honolulu Division
(**District Court**).[1]  The District Court's May 14, 2024 Findings of

---

[1]    The Honorable Thomas A.K. Haia presided.  Kardash originally
appealed from an April 4, 2024 minute order dismissing the underlying case.
Pursuant to this court's March 27, 2026 Order for Temporary Remand, the
District Court entered the March 31, 2026 Denial Order.  Kardash's notice of
appeal is deemed to appeal from the latter order.  See Hawaiʻi Rules of
Appellate Procedure (**HRAP**) Rule 4(a)(2).

Fact and Conclusions of Law (F**OFs/COLs**) provide the factual and legal bases for the Denial Order.

On appeal, Kardash appears to contend that the District Court erred in denying his request for an injunction against harassment, as sought in his fourth amended petition for such relief. Kardash's opening brief consists of the following two sentences:

> Judge Thomas A.K. Haia was biased, failed to support his decision with a legal basis, failed to give [Kardash] his day in court, abused his power and violated the Hawaii Revised Code of Judicial Conduct [(**HRCJC**)]. This Honorable Court should reverse Judge Haia's decision and grant [Kardash's] injunction against [Psak].

As a threshold matter, Kardash's opening brief fails to comply with HRAP Rule 28(b), which sets forth the requirements for an opening brief. In particular, his two-sentence argument fails to explain the basis for his bald assertions about the District Court and fails to state "where in the record the alleged error occurred" and "was objected to or the manner in which [it] was brought to the attention of the court . . . ." HRAP Rule 28(b)(4). Kardash's conclusory assertions that the District Court was biased, failed to support its decision with a legal basis, failed to give Kardash his day in court, abused its power, and violated the HRCJC are therefore deemed waived. See HRAP Rule 24(b)(7) ("Points not argued may be deemed waived.").

In any event, the record belies Kardash's contention that the District Court "failed to support its decision with a legal basis." Following a bench trial, the District court entered the FOFs/COLs supporting its decision. Because Kardash does not challenge any of the FOFs, they are binding on appeal. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) (unchallenged findings of fact are binding on appeal). The District Court concluded that Kardash's testimony was "less than credible" and that his allegations failed "for many reasons," including that they were "merely speculative with respect to [Psak's] intentions and/or knowledge and [were] not credible or supported by evidence." We will not pass on the credibility of a witness or the weight of the evidence. See In re JK, 149 Hawaiʻi 400, 409-10, 491 P.3d 1179,

1188-89 (App. 2021). On this record, the District Court did not clearly err in denying the requested injunction against harassment. See <u>Bailey v. Sanchez</u>, 92 Hawaiʻi 312, 316 n.6, 990 P.2d 1194, 1198 n.6 (App. 1999).

For these reasons, the Denial Order is affirmed.

It is further ordered that the motions filed on April 3, 2026, at docket nos. 61, 63, and 65 are denied.

DATED: Honolulu, Hawaiʻi, April 13, 2026.

On the briefs:

Keith Kardash,
Self-represented Petitioner-
Appellant.

Jerre Psak,
Self-represented Respondent-
Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge